The undersigned have reviewed the decision based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following
FINDINGS OF FACT
1. On April 11, 1994, plaintiff filed a request that he be able to receive a gold necklace in the mail. This request was made in compliance with Section D under 03006 of the policies and procedures manual for the Department of Correction. This request was approved by J. Little, assistant superintendent or designee, on April 14, 1994.
2. On April 29, 1994, the parcel with the gold chain was delivered to D. Cummings, an authorized representative and employee of the Brown Creek Correctional Institution with the Department of Correction.
3. Ms. Cummings reviewed plaintiff's file and did not see plaintiff's request in the file. Ms. Cummings sent the package back to the sender through the Polkton Post Office in compliance with Section E under 03006 of the policies and procedures manual for the Department of Correction.
4. In August of 1994, an employee of the Polkton Post Office was charged with the theft of mail. The employee has denied knowledge of plaintiff's package. The employee is currently awaiting prosecution in the U.S. District of North Carolina in Charlotte, North Carolina.
5. P. M. Hazelwood III, Postal Inspector in Charge, reported that J. McClarity had stated that plaintiff had failed to comply with the North Carolina Department of Correction's regulations on receiving packages. Plaintiff did comply with these regulations.
6. D. Cummings exercised a reasonable standard of care in the handling of plaintiff's package.
7. Plaintiff's package was misplaced or stolen by someone at the Polkton Post Office.
8. Even if Ms. Cummings knew or should have known about plaintiff's request, the misplacement or theft of plaintiff's package by someone at the Polkton Post Office was not reasonably foreseeable as a consequence of the failure to provide plaintiff with his gold necklace pursuant to his authorized request.
* * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the undersigned make the following
CONCLUSION OF LAW
1. Plaintiff has failed to prove by the greater weight of the competent and convincing evidence that the defendant by and through its agents was negligent and that any negligence by the defendant was the proximate cause of any damages to the plaintiff.
* * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
ORDER
1. Plaintiff's claim is HEREBY DENIED.
2. Each side shall pay its own costs.
The case is HEREBY REMOVED from the Full Commission hearing docket.
This the __________ day of ________________________, 1996.
 S/ ___________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
JHB/nwm